IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| **MODERN RENOVATIONS, LLC** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 5:20-cv-00044 |
| | ) | |
| **WESTCOTT EXTERIORS, LLC,** | ) | |
| **MATTHEW SHANE WESTCOTT,** and | ) | |
| **MATTHEW WESTCOTT, JR.** | ) | |
| | ) | |
| *Defendants.* | ) | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Modern Renovations, LLC, by counsel, and Defendants Westcott Exteriors, LLC, Matthew Shane Westcott, and Matthew Westcott, Jr., by counsel, file this Stipulated Protective Order. The parties stipulate and agree to the following:

1. Scope. All materials hereafter produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d)

1

medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. Designation.

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

4. Any Tangible Thing, such as equipment or devices, produced in discovery for the purposes of inspecting, drawing, photographing, imaging, testing, and sampling shall be treated as Confidential Information until agreement of the parties, Court Order, or as otherwise described in Paragraph 8 of this Order. Likewise, any information directly discovered as a result of such inspecting, drawing, photographing, imaging, testing, and sampling shall be treated as Confidential Information until agreement of the parties, Court Order, or as otherwise described in Paragraph 8 of this Order.

5. All Confidential Information, including Tangible Things, shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(a) the Court (including the Clerk's office, stenographic reporters and videographers engaged in such proceedings as are necessary to any motion, hearing, the preparation for trial and trial of this action);

(b) counsel for the parties, their staff members, their professional and paraprofessional employees;

(c) any experts, consultants, investigators or service contractors (*i.e.*, court reporters or outside copying or imaging services) associated by the parties regarding this action;

(d) the parties, including members, agents, staff, employees, officers or managers of a party who have a need to know the information for purposes of this litigation;

(e) witnesses, including deponents;

(f) defendants' insurer and its assigned claims' handlers; or

(g) by mutual consent.

Confidential Information shall not be used for any purpose other than this litigation and/or as evidence in this litigation, and may not be disclosed under any circumstances to anyone not connected with this action, as identified above in paragraph 5 (a)-(g).

6. All persons to whom Confidential Information is disclosed pursuant to this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to insure that persons authorized to receive Confidential Information pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. Any person breaching the provisions of this Order is subject to the contempt powers of this Court.

7. Nothing in this Order shall prevent or impair the use by a party of Confidential Information material under this Order in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court, so long as confidentiality of such information is protected as provided herein. To the extent any Confidential Information is filed with the Court prior to trial, the parties may agree that the Confidential Information need not be filed under seal or, in the absence of such agreement, the party filing the Confidential Information shall file, or move to file, such material, under seal in accordance with Local Rule 9. If the Court denies the motion to file under seal, then the materials may be filed with the Court through the normal filing procedures.

8. Acceptance by a party of any material marked as Confidential or Tangible Thing governed by this Order shall not constitute a concession that the information, document or thing is, in fact, confidential material. Counsel shall first attempt to resolve any disputes of confidentiality between themselves. If the parties are unable to agree on any such issue, counsel seeking to use the information shall provide written notice to opposing counsel of the specific

information it intends to use, and counsel seeking protection of such information as Confidential must bring the issue before the Court within ten (10) days of receipt of such written notice. In the event counsel seeking protection does not bring the matter before the Court within this ten (10) day period, the information shall be deemed not to be confidential. Until the Court issues a ruling on the disputes, and provided counsel seeking protection has timely brought the matter before the Court, the information shall be treated as Confidential.

      9. Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, material or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party. Nothing in this Order shall prevent any party from producing any document or information in his, her or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which material designated confidential are sought.

**IT IS SO ORDERED**:

_____
Joel C. Hoppe, United States Magistrate Judge

Entered: _____

WE ASK FOR THIS:

/s/ William Talbot_____
William I. Talbot, Esq.
Pro Hac Vice
Wolffers, Cohen & Edderai LLP
325 W. 38th, 15th Floor
New York, NY 10016
646-685-4010
william@wollfferscohen.com
*Counsel for Plaintiff*


 /s/Michael W. Sharp_____
KEVIN M. ROSE (VSB No. 35930)
MICHAEL W. SHARP (VSB No. 89556)
BotkinRose PLC
3190 Peoples Drive
Harrisonburg, VA 22801
(540) 437-0019 (telephone)
(540) 437-0022 (fax)
krose@botkinrose.com
msharp@botkinrose.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March, 2021, I, Michael W. Sharp, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send via email a copy of such filing to all parties registered to receive electronic notice in this case.

   /s/Michael W. Sharp
KEVIN M. ROSE (VSB No. 35930)
MICHAEL W. SHARP (VSB No. 89556)
BotkinRose PLC
3190 Peoples Drive
Harrisonburg, VA 22801
(540) 437-0019 (telephone)
(540) 437-0022 (fax)
krose@botkinrose.com
msharp@botkinrose.com
*Counsel for Defendants*